UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ELIZABETH S. THERIAULT,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  05-1556 (RMC) |
| **ELI LILLY AND COMPANY,** | ) ) ) | |
| Defendant. | ) ) ) | |

## SCHEDULING ORDER

Upon consideration of the joint report of the parties submitted pursuant to LCvR 16.3(d), and after a scheduling conference held in open Court on October 7, 2005, it is hereby

**ORDERED** that:

1. Motions to join third parties or to amend the pleadings shall be filed no later than December 27, 2005.

2. All Discovery Requests shall be served by no later than January 6, 2006.

3. Plaintiff's designation of experts and reports pursuant to Fed. R. Civ. P. 26(a)(2) shall be made no later than February 6, 2006.  Defendant's designation of experts and reports shall be made no later than May 8, 2006.

4. All Fact Discovery is to close by no later than May 8, 2006.

5. Concurrently with this Scheduling Order, this case is being referred, as the parties have agreed, to Magistrate Judge Alan Kay for mediation.  Mediation is to commence on the same date fact discovery closes – May 8, 2005.

6. All discovery is to be completed by June 7, 2006; experts may be deposed until the close of discovery.

7. Each party is limited to a maximum of five (5) depositions.

8. Each party is limited to a maximum of twenty-five (25) interrogatories, including discrete subparts. Responses to all interrogatories shall be made 30 days after service.

9. Each party is limited to a maximum of twenty-five requests for admission, including discrete subparts. Responses to all requests for admission shall be made 30 days after service.

10. Dispositive motions shall be filed no later than July 7, 2006; oppositions and replies shall be filed according to the Local Rules of this Court. A motion for extension of time to file a motion, opposition, or reply will be denied except upon a showing of good cause. The page limitations for briefs referenced in LCvR 7(e) are to be strictly followed by the parties.

11. Discovery material shall not be filed with the Court unless so ordered. *See* LCvR 5.2(a).

12. Counsel are expected to conduct themselves in a civil, polite, and professional manner at all times, particularly during discovery. Counsel are referred to LCvR 26.2 and expected to conform fully with its directives. Moreover, counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. In the event that counsel are unable to resolve a dispute, counsel shall contact chambers to arrange for a telephone conference with the Court. Counsel shall not file discovery motions without a prior conference with the Court and opposing counsel.

13. A pretrial conference will be scheduled by the Court for a date in August or September, 2006, and the parties will be notified. Counsel shall be prepared to advise the court of the expected length of trial and of the number of fact and expert witnesses each party will present. Trial counsel shall appear at all hearings, unless excused by the court in advance of the hearing date.

14. Counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available by request of the Court at any time, as is a settlement conference before a Magistrate Judge. If the case settles, in whole or in part, Plaintiff's counsel shall advise this Court by promptly filing a stipulation.

15. This schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court. *See* Fed. R. Civ. P. 16(b); LCvR 16.4(b).

    **SO ORDERED.**

Date: December 2 , 2005.                             /s/
                                          ROSEMARY M. COLLYER
                                          United States District Judge