IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIZABETH SIOBHAN THERIAULT,<br><br>Plaintiff,<br><br>vs.<br><br>ELI LILLY AND COMPANY,<br><br>Defendant. | Civil Action No. 05-cv-01556-RMC<br><br>Next Scheduled Event:<br>Close of Fact Discovery, May 8, 2006 |

**DEFENDANT ELI LILLY AND COMPANY'S
MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS**

Defendant Eli Lilly and Company ("Lilly") hereby moves to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the District of Massachusetts.

This case should be transferred because the District of Massachusetts is a more convenient forum than the District of Columbia, the action could have been brought in the District of Massachusetts, and transfer out of a district with absolutely no connection to the plaintiff's cause of action is in the interest of justice. *See* 28 U.S.C. § 1404(a) (permitting transfer to a district or division where the case could have been brought in the first instance); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) (district court enjoys wide discretion in deciding whether to transfer an action to a more convenient forum).

Transfer to the United States District Court for the District of Massachusetts is appropriate because it is a more convenient forum for the parties and witnesses:

1921587v1

- Plaintiff resides in Bedford, Massachusetts;

- Plaintiff Elizabeth Theriault's mother, a witness with substantial knowledge of facts at issue in this matter, resides in Massachusetts;

- Plaintiff's doctors -- who allegedly diagnosed and treated plaintiff's alleged injuries -- are in Massachusetts;

- The events allegedly giving rise to plaintiff's cause of action -- the prescription, purchase, and ingestion of DES, as well as alleged exposure to DES and diagnosis of plaintiff's alleged injuries -- occurred in Massachusetts;

- Lilly is not aware of a single non-party fact witness who resides in the District of Columbia or is within the subpoena power of this Court;

- This case has no apparent connection to the District of Columbia except that the case was filed here;

- The interests of justice will not be served by burdening the citizens of the District of Columbia with a case that has no connection to this forum.

Therefore, in the interests of justice and for the convenience of the parties and witnesses, the Court should transfer this action to the United States District Court for the District of Massachusetts.

## L.Cv.R. 7(m) CERTIFICATION

Counsel for Lilly has conferred with plaintiff's counsel, as required by L.Cv.R. 7(m), and plaintiff does not consent to the relief sought in this Motion.

WHEREFORE, based on the foregoing reasons and those more fully set forth in the accompanying Memorandum of Points and Authorities in Support of this Motion, Lilly respectfully requests this Court to grant its motion to transfer this case to the District of Massachusetts.

1921587v1

Respectfully submitted,


 /s/ Michelle R. Mangrum
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C.  20005-2004
Phone: 202-783 -8400
Fax: 202-783-4211

and

David W. Brooks
Mark C. Hegarty
John F. Kuckelman
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO  64108
Phone: 816-474-6550
Fax: 816-421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 20th day of March, 2006, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

        /s/ Michelle R. Mangrum
**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**

4

1921587v1