# Exhibit 1

To
Memorandum of Points and Authorities
in Support of Defendant Eli Lilly and Company's
Motion to Transfer to the District of Massachusetts

Filed in:
*Elizabeth Siobhan Theriault v. Eli Lilly and Company, et al.*
U.S. District Court for the District of Columbia
Civil Action No. 05-CV-1556-RMC

129804v1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELIZABETH SIOBHAN THERIAULT, )<br><br>Plaintiff, )<br><br>vs. )<br><br>ELI LILLY AND COMPANY, )<br><br>Defendant. ) | **Civil Action No. 05-cv-01556-RMC**<br><br>**Next Scheduled Event:**<br>**Close of Fact Discovery, May 8, 2006** |

## AFFIDAVIT OF MICHELLE R. MANGRUM IN SUPPORT OF
## DEFENDANT ELI LILLY AND COMPANY'S MOTION TO TRANSFER

I, Michelle R. Mangrum, being first sworn on oath, say that the following is true and correct:

1.     I am an attorney in the firm of Shook, Hardy & Bacon, LLP, counsel for defendant Eli Lilly and Company ("Lilly") in the above-captioned action.

2.     **Attachment A** is a true copy of this Court's decision in *Thompson v. Eli Lilly and Company*, Civil Action No. 03-CV-00122 (D.D.C. June 27, 2003) (Walton, J.).

3.     **Attachment B** is a true copy of this Court's decision in *Abramson v. Eli Lilly and Company*, Civil Action NO. 03-CV-2541 (D.D.C. Oct. 25, 2004) (Bates, J.).

Executed on March 20, 2006

_____
Michelle R. Mangrum

1921607v1

DISTRICT OF            )
                             )ss.
COLUMBIA _____)

       On this 20th day of March, 2006, before me, a notary public in and for said state,

personally appeared Michelle R. Mangrum, to me personally known, who being duly sworn,

acknowledged that she had executed the foregoing instrument for purposes therein mentioned

and set forth.

_Kay D. Dallosta_
_____
NOTARY PUBLIC


My Commission Expires:

_____


**KAY D. DALLOSTA**
**Notary Public District Of Columbia**
**My Commission Expires June 14, 2007**

1921607v1

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 20th day of March, 2006, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**


    /s/ Michelle R. Mangrum
**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**

1921607v1

# Attachment A

To

## Affidavit of Michelle R. Mangrum in Support of Defendant Eli Lilly and Company's Motion to Transfer

Filed in:
*Elizabeth Siobhan Theriault v. Eli Lilly and Company, et al.*
U.S. District Court for the District of Columbia
Civil Action No. 05-CV-1556-RMC

129804v1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY THOMPSON and<br>MARK A. THOMPSON,<br><br>   Plaintiffs,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 03-122 (RBW)<br>)<br>)<br>)<br>)<br>) |

## ORDER

The plaintiffs, Nancy and Mark Thompson, have brought this product liability action against the defendant, Eli Lilly and Company, for injuries that Mrs. Thompson alleges she suffered as a result of her mother's use of diethylstilbestrol ("DES ) during her mother's pregnancy with Mrs. Thompson.  The defendant seeks to have this case transferred to the District of Massachusetts "[b]ecause it would be more convenient for the parties to litigate this action in the District of Massachusetts -- where the alleged exposure in utero to (DES) took place, where almost all of the fact witnesses reside -- and because there is absolutely no connection between the District of Columbia and plaintiffs' claims.   Motion of Defendant Eli Lilly and Company to Transfer Action, Memorandum of Points and Authorities in Support of Eli Lilly and Company's Motion to Transfer ("Def.'s Mem. ) at 2-3.  Upon consideration of the parties' submissions and for the reasons set forth below, the Court will transfer this case to the District of Massachusetts.

28 U.S.C. § 1404(a) (2000) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.   A district court is given broad discretion when considering whether to grant or deny a motion to transfer, which entails first determining whether the action could have been brought in the proposed transferee district and, if so, examining several private and public interest factors.  While deference is typically given to a plaintiff's choice of forum and the moving party "bears the burden of demonstrating that transfer pursuant to Section 1404(a) is warranted[,] Gemological Institute of America v. Thi-Dai Phan, 145 F. Supp. 2d 68, 71 (D.D.C. 2001), courts recognize that less deference is given when the chosen forum is not the plaintiff's home forum,  Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C. 2001).  With these considerations in mind, the Court will first examine whether this case could have been brought in the District of Massachusetts.

**(A)    Could This Action Have Been Brought in the District of Massachusetts?**

Before a case may be transferred to another judicial district, a court must determine whether the transferee district is a proper venue and can exercise personal jurisdiction.  Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…   In this case, it is undisputed that this action could have been brought in Massachusetts.  This is because the alleged events that gave rise to the plaintiffs' claims ocurred there, as Mrs. Thompson's mother received and ingested the DES in Massachusetts.  Def.'s Mem. at 1.  And, pursuant to Massachusetts' long-arm statute, it is also undisputed that a federal court in Massachusetts would be able to exercise personal jurisdiction over the defendant,

as Eli Lilly acknowledges that it had sufficient contacts with Massachusetts through its sales of DES in that jurisdiction.  Id. at 3.  (citing Mass. Gen. Laws ch. 223A, § 3 (Massachusetts long-arm statute governing torts allegedly committed in Massachusetts)). Having concluded that this action could have been brought in Massachusetts, the Court will now evaluate whether the private and public interest factors favor the transfer of this action.

**(B)**     **Do the Interests of the Parties and the Public Favor of Transferring this Case to the District of Massachusetts?**

In considering a motion to transfer, a Court must examine several factors, such as: "[t]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.   Boers, 133 F. Supp. 2d at 65 (D.D.C. 2001) (citation omitted).

Upon evaluating these factors, it is abundantly clear that this case should be transferred to the District of Massachusetts. Massachusetts is the situs where the DES was ingested and therefore the location where any injury resulting from its use occurred. Nearly all of the fact witnesses reside in Massachusetts, including the plaintiffs, Mrs. Thompson's mother, all of the physicians who have treated Mrs. Thompson for the injury she allegedly sustained, and Mrs. Thompson's primary care physicians.  Def.'s Mem. at 1-2.  Furthermore, the ability to access much of the physical proof with the least effort favors transfer to Massachusetts, as that is where Mrs. Thompson and her mother's

3

medical records are located. And, the pharmacies that sold Mrs. Thompson's mother the DES are also located there.[1]

In addition, because the majority, if not all of the witnesses reside in Massachusetts, any concerns regarding the availability of compulsory process and the expense of securing the presence of the witnesses also favor transfer to Massachusetts. While the plaintiffs focus on the relative congestion of the two courts' calendars as grounds for the case not being transferred,[2] the Court notes that this case is at an early stage of the litigation[3] and this Court's calendar is actually quite congested.[4]

Other relevant factors also weigh in favor of transferring this case to Massachusetts. Not only do the local interests in this matter strongly favor transferring

---

[1] Defendant notes that the three major issues in DES cases are: the questions of exposure, product identification, and the nature and extent of Mrs. Thompson's alleged injuries. Regarding exposure, defendant anticipates the need to obtain relevant medical records and to depose the physicians that are still alive who treated plaintiff's mother during her pregnancy. Def.'s Mem. at 5. As for product identification, defendant maintains it will need to depose the dispensing pharmacist or other pharmacy employees regarding the dispensing practices of the pharmacy or pharmacies in question. Id. Finally, regarding Mrs. Thompson's injuries, defendant contends that proof of the alleged injuries will come to the fact-finder in the form of medical records located in Massachusetts and from the testimony of Mrs. Thompson's and her mother's physicians. Three of the seven physicians identified by the plaintiffs who treated Mrs. Thomson are still living and believed to currently practice in Massachusetts. Id. at 6. In addition, most, if not all of the other witnesses and non-witness evidence are also located in Massachusetts.

[2] Plaintiffs' counsel seeks to make a comparison between the efficiency and speed of this Court and the District of Massachusetts in resolving DES cases. The basis offered for this comparison is two DES cases originally filed in this Court on October 7, 2002. Compare Christine Foti et ux v. Eli Lilly and Company, Civ.A. No. 02-1977, with Hillary Blank et ux v. Eli Lilly and Company, Civ.A. No. 02-1976. In the first case a motion to transfer the case to Massachusetts was granted on November 22, 2002, and according to the plaintiffs, no action has yet been taken by the Massachusetts district court. And, in an effort to make a comparison between the two jurisdictions, the plaintiffs assert that in the second case a settlement conference has been scheduled for August 5, 2003, before another member of this Court.

[3] This case is currently in the early stages of litigation as the close of discovery is not scheduled to occur until October 15, 2003.

[4] Neither party disputes that the assigned judicial settlement officer, Magistrate Judge Kay, has experience settling DES cases, which admittedly could contribute to the expeditious resolution of this action. However, the District of Massachusetts has been exposed to substantial DES litigation as well, see, e.g., Payton v. Abbott Labs., 100 F.R.D. 336 (D. Mass. 1983), and has had at least five DES cases transferred to it from this district in the last year and a half. Defendant's Reply in Support of its Motion to Transfer ("Def.'s Reply ) at 4. Therefore, the plaintiffs have failed to demonstrate that calender congestion in the District of Massachusetts would unduly delay the resolution of this case or that this court is better equipped to ensure the timely processing of a DES case.

this case to Massachusetts, but it also appears that Massachusetts state law will govern the plaintiffs' claims.[5]  And a Massachusetts court is better equipped to apply Massachusetts law, as another member of this Court has commented, the interests of justice "[a]re best served by having a case decided by the federal court in the state whose laws govern the interests at stake.    Trout Unlimited v. United States Dep't of Agriculture, 944 F. Supp. 13, 19 (D.D.C. 1996).

        While this Court finds it significant that Massachusetts has such strong connections to this case, equally significant is that the District of Columbia has no such connection to this matter.  The plaintiffs assert that there is a connection between the District of Columbia and their claims because this jurisdiction is where the original industry wide promotion of DES occurred and where defendant lobbied and applied for Food and Drug Administration  approval to sell and promote DES.  Plaintiffs' Opposition to Defendant's Motion to Transfer ("Pls' Opp'n ) a t 4.  Plaintiffs also argue that the defendant spent over $6,500,000 in 2001 on marketing and lobbying efforts in the District of Columbia and currently employs at least 58 lobbyists in this jurisdiction.  Id. at 5.  Plaintiffs further note that the defendant itself has selected the District of Columbia as its home forum in litigation against its insurers involving coverage of the DES claims that have been filed against it.  Id.  This Court is unconvinced that these contacts, which have no direct connection to this case, favor maintaining this case in the District of Columbia.

---

[5] If this case remained in the District of Columbia, Massachusetts substantive law would most likely govern this litigation.  To determine what law this Court would have to apply, it must use the District of Columbia's choice of law analysis.  See Ideal Electronic Security Co. v. International Fidelity Ins. Co., 129 F.3d 143, 148 (D.D.C. 1997).  And this analysis would seemingly compel this court to apply Massachusetts law.

Finally, the Court notes that this case is clearly distinguishable from a recent DES case in which this Court denied transfer pursuant to 28 U.S.C. § 1404(a). In <u>Ingram v. Eli Lilly & Co.</u>, No. Civ.A. 02-2023, 2003 U.S. Dist. LEXIS 1619, (D.D.C. January 28, 2003) (Walton, J.), the plaintiff's injuries arose in Seattle, Washington. <u>Id.</u> at *5. However, the plaintiff's mother lived in Oklahoma; the prescribing obstetrician was located in California; plaintiff's expert witnesses resided in Texas, Arkansas, Pennsylvania and Alabama; and none of the expert witnesses that the defendant customarily used were located in the State of Washington State. <u>Id.</u> Thus, although the State of Washington was the location where the DES was prescribed and ingested, none of the vital witnesses remained in that jurisdiction. <u>Id.</u> In this case, there is no such concern over a lack of a substantial connection to one particular jurisdiction. Therefore, the plaintiffs' reliance on <u>Ingram</u> is misplaced.

Accordingly, it is, hereby this 27th day of June, 2003,

**ORDERED** that the defendant's motion to transfer the case is **GRANTED**. It is

**FURTHER ORDERED** that this case shall be transferred to the District of Massachusetts.


REGGIE B. WALTON
United States District Judge

# Attachment B

To
## Affidavit of Michelle R. Mangrum in Support of
## Defendant Eli Lilly and Company's Motion to Transfer

Filed in:
*Elizabeth Siobhan Theriault v. Eli Lilly and Company, et al.*
U.S. District Court for the District of Columbia
Civil Action No. 05-CV-1556-RMC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VALERIE ABRAMSON, et al.,

Plaintiffs,

v.

ELI LILLY AND COMPANY,

Defendant.

Civil Action No.  03-2541 (JDB)

MEMORANDUM OPINION

This in utero diethylstilbestrol (DES) exposure case brought by plaintiff Valerie Abramson and her husband Chett Abramson ("plaintiffs") against defendant Eli Lilly and Company is one of many currently pending in this Court.  Following initial discovery, defendant has moved to transfer the action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of New Jersey, which defendant submits is a more convenient forum.[1]  The Court agrees based on the specific facts of this case.

FACTUAL BACKGROUND

There is no dispute as to certain facts central to the disposition of defendant's motion. Plaintiffs reside in New Jersey, as do plaintiff Valerie Abramson's parents.  Ms. Abramson's gynecologist during the relevant 1988 to 2001 period practices in New Jersey.  The other relevant physicians identified by plaintiffs in interrogatory responses all practice in New Jersey and reside in New York (well within the subpoena power of the District of New Jersey pursuant to

---

[1]  Briefing on the motion was completed on August 31, 2004.

-1-

Fed.R.Civ.P. 45(b)(2)).  No non-party fact witness resides in the District of Columbia or is within the subpoena power of this Court.  None of the events relating to plaintiffs giving rise to this specific action have any connection to the District of Columbia.  As plaintiffs expressly agree, this case could have been brought in the District of New Jersey.

Plaintiffs do, however, claim some connection to the District of Columbia by virtue of defendant's lobbying and promotion efforts with the Food and Drug Administration ("FDA") relating to DES, which occurred largely in the District of Columbia, although for the most part long ago.  Plaintiffs also point out that defendant has itself brought suit in the District of Columbia against its insurers over DES claims.  Moreover, plaintiffs observe that many DES cases have been brought here, and that the judges of this Court, and particularly Magistrate Judge Kay, have developed an expertise in these cases.

## ANALYSIS

Most of the judges of this Court, including this judge,[2] have denied similar transfer motions in DES cases against Eli Lilly.  Where there is no connection to this forum and a strong connection to one other forum, however, transfer has been granted.  See Thompson v. Eli Lilly and Co., Civil Action No. 03-0122 (RBW) (D.D.C. June 27, 2003).

The Court agrees that this action could have been brought in the District of New Jersey.[3] However, plaintiffs' choice of forum is entitled to some weight, although it is given less deference when (as here) the chosen forum is not the plaintiff's home forum.  See Piper Aircraft v. Reyno,

_____

[2]  See Roing, et al. v. Eli Lilly & Co., Civil Action No. 02-2211 (JDB) (D.D.C.) (Order dated Jan. 28, 2003).

[3]  There is no doubt that the District of New Jersey would have jurisdiction over the action and that venue is proper there.

454 U.S. 235, 255-56 (1981); Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C. 2001).  On

the other hand, defendant has engaged in some lobbying and other efforts related to DES in the

District of Columbia.  Moreover, it is the forum of choice for many DES cases against Eli Lilly,

and even has been the forum of choice by Eli Lilly for its litigation against insurers regarding

coverage for DES claims.[4]  Although it does not appear likely that the District Judges of this Court

have developed much real expertise in the substance of these DES cases, certainly Magistrate

Judge Kay has considerable experience in the settlement context.  Finally, it is undisputed that

plaintiffs and defendant both have counsel (the latter in the District of Columbia) experienced in

handling this type of litigation, and that those counsel have cooperated in other DES cases in the

District of Columbia with respect to making witnesses and documents (including medical records)

readily available.  These relevant factors, taken together,  do not weigh clearly in favor of transfer

to the District of New Jersey.

What may be different about this case, however, is the convenience of witnesses factor

under section 1404(a).  Indeed, "the most critical factor to examine under 28 U.S.C. § 1404(a) is

the convenience of the witnesses."  Chung v. Chrysler Corp., 903 F. Supp. 160, 164 (D.D.C.

1996).  The ease of access to sources of proof, the expenses for willing witnesses, and whether the

claim arose elsewhere are all important considerations in this assessment.  See Trout Unlimited v.

United States Dep't of Agriculture, 944 F. Supp. 13, 16 (D.D.C. 1996).

Here, all the relevant fact witnesses on exposure, injury and causation are more easily

_____

[4] Eli Lilly opposed a motion to transfer in that case, defending its right to choose the
District of Columbia courts against allegations that it was engaged in forum shopping.  Defendant
has explained, however, that the choice of forum there was based in part on the need to
accommodate travelers from around the globe.

accessed in New Jersey than in the District of Columbia -- plaintiffs, Ms. Abramson's parents, her gynecologist, and other treating physicians.  No fact witness appears to be located in or close to the District of Columbia.  The subpoena power of the New Jersey court reaches all those witnesses, while this Court's subpoena power does not.[5]  The relevant medical records are also more readily obtained in New Jersey from the various physicians.  Nor, quite obviously, did the claim, or any events giving rise to the claim, occur here.

Unlike many of the other DES cases, where relevant witnesses are spread around the country (even in the District of Columbia), this is a case with a single forum that is plainly most convenient for the witnesses -- the District of New Jersey.  Moreover, that is the forum where most of the operative facts occurred, although some also apparently occurred in other states but not in the District of Columbia.[6]  It is simply beyond cavil that transfer to the District of New Jersey will be considerably more convenient (and less expensive) for the witnesses.  Importantly, that will also enable the relevant witnesses to be compelled to testify because they will be within the subpoena power of that court, which is not the case were the action to remain in this Court.  Finally, given the very minimal connection of this lawsuit to the District of Columbia, it does not seem appropriate to burden this jurisdiction and its limited resources, or even Magistrate Judge

---

[5] Conceivably, then, some of those witnesses could decline to appear if the case went forward to trial in this Court.

[6] The Court does not find persuasive the argument that DES-related lobbying efforts to the FDA tie this case to the District of Columbia.  Documents related to those efforts have already been produced to plaintiff's counsel. Likewise, a 1941 meeting of representatives of drug manufacturers in Washington, D.C., is too attenuated a basis for connecting this action to the District of Columbia.

Kay, with this case.[7]

Accordingly, defendant's motion to transfer this case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a) in the interests of justice and for the convenience of the parties and witnesses will be granted.  A separate order will be issued.


/s/      John D. Bates
JOHN D. BATES
United States District Judge

Dated:  October 25, 2004

.

_____

[7] Plaintiffs emphasize the several other cases in this District in which transfer has been denied, including a case brought by Ms. Abramson's sister.  The point remains, however, that section 1404(a) transfer motions are extremely fact-dependent, turning largely on the connection of the specific case to the transferee and transferor forums and the convenience and location of the relevant witnesses.

-5-

Copies to:

Patricia Martin Stanford
3609 Hendricks Avenue
Jacksonville, FL 32207
(904) 346-4215
Fax:  (904) 346-4275
E-mail: pmslaw1@aol.com
                *Counsel for plaintiffs*

Lawrence Hedrick Martin
FOLEY HOAG LLP
1875 K Street, NW
Suite 800
Washington, DC 20006
(202) 223-1200
Fax:  (202) 785-6687
E-mail: lmartin@foleyhoag.com

James J. Dillon
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts  02210-2600
(617) 832-1000
Fax:  (617) 832-7000
E-mail:  jdillon@foleyhoag.com
                *Counsel for defendant*